# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 6, 2008

Charles R. Fulbruge III
Clerk

No. 07-20692
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

SAMSON ADELEKE OJEYINKA

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CR-246-1

Before HIGGINBOTHAM, GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

Samson Adeleke Ojeyinka appeals the sentence imposed after his guilty plea to five counts of mail fraud affecting a financial institution, three counts of fraud with identification documents, and one count of aggravated identity theft. Ojeyinka contends that his sentence was unreasonable because the guidelines range was improperly calculated. Ojeyinka argues that the increase in the relevant-conduct loss amount based on 15 checks found in his home was erroneous because there was no link between those checks and the crime of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conviction. The contested loss amount attributable to the 15 checks found in Ojeyinka's room is relevant to the offense of conviction because the checks were part of a common scheme or plan, connected by a common purpose and a similar modus operandi to the offense of conviction. See U.S.S.G. § 1B1.3(a)(2), and comment. (n.9(A)); United States v. Hinojosa, 484 F.3d 337, 340-42 (5th Cir. 2007); United States v. Anderson, 174 F.3d 515, 527 (5th Cir. 1999).

Ojeyinka also argues that the sentence increase for the number of victims was improper because there was no evidence that more than 50 pieces of mail found in his house were "undelivered" as defined by the Guidelines, even though mail was addressed to 50 other persons at 50 other addresses. It is reasonable to infer that mail found in Ojeyinka's home but addressed to others was not received by the intended recipients and was thus "undelivered." See United State v. Caldwell, 448 F.3d 287, 290 (5th Cir. 2006); see also § 2B1.1, comment. (n.4(C)(iii)).

Ojeyinka has not shown that his sentence within the Guidelines was procedurally unreasonable, and he has not argued that it was substantively unreasonable. See Gall v. United States, 128 S. Ct. 586, 597 (2007). The judgment of the district court is AFFIRMED.